David M. McLean
Ryan C. Willmore
McLEAN & ASSOCIATES, PLLC
3301 Great Northern Ave., Suite 203
Missoula, Montana 59808
Telephone: (406) 541-4440
Facsimile: (406) 540-4425
dave@mcleanlawmt.com
ryan@mcleanlawmt.com

Attorneys for Yellowstone Insurance Exchange, RRG

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| YELLOWSTONE INSURANCE EXCHANGE, RRG,<br><br>Plaintiff,<br><br>v.<br><br>BROADWATER HEALTH CENTER n/k/a BILLINGS CLINIC BROADWATER; AND WILDERNESS MEDICAL STAFFING, INC.;<br><br>Defendants. | Cause No.<br><br>**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff Yellowstone Insurance Exchange, RRG, (hereinafter "Yellowstone") through its counsel, David McLean and Ryan C.

1

Willmore of the law firm McLean & Associates, PLLC, and for its Complaint and Request for Declaratory Judgment, states and alleges as follows:

1. Yellowstone is an insurance exchange and a risk retention group registered to do business in the State of Montana, with its principal place of business being in Tennessee.

2. At all times material hereto, Defendant Broadwater Health Center ("Broadwater") is a named insured under a Hospital Professional Liability Policy, specifically Policy No. YIE1019MT04-17PL ("The Policy") issued by Yellowstone, and operates a health care facility in Townsend, Montana. The Policy is attached and incorporated herein as Exhibit A. Broadwater now operates as Billings Clinic Broadwater, and continues to oversee a health care facility in Townsend, Montana.

3. At all times material hereto, Defendant Wilderness Medical Staffing, Inc. ("WMS") supplied locum tenens medical staff to Broadwater pursuant to an Advanced Practice Provider Locum Tenens Agreement, (hereinafter "Locums Agreement") attached and incorporated herein as Exhibit B. WMS's principal place of business is in the State of Washington.

## JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391 because Broadwater is located in Broadwater County, Montana, the Underlying Lawsuit is filed in

2

Montana, the insurance policies at issue in this action were issued in the State of Montana, and the contracts and obligations at issue in this case must be interpreted under Montana law.

2. Subject matter jurisdiction is based on 28 U.S.C. § 1332, as this action involves a controversy between citizens of different States and the amount in controversy exceeds $75,000.00.

3. Alternatively, subject matter jurisdiction is based on the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## BACKGROUND AND UNDERLYING LAWSUIT

4. WMS was to ensure any provider performing services at Broadwater obtained professional liability malpractice insurance for any assignment made under the Locums Agreement.

5. Under the terms of the Locums Agreement, the personnel provided by WMS were acting as "independent contractors and not as agents, and/or employees of WMS."

6. While providing services under the Locums Agreement, on or about November 28, 2019, WMS provided Physician Assistant, Gregory Sayers ("PA Sayers"), was performing independent contractor services as a Physician Assistant at Broadwater.

7. WMS failed to ensure that PA Sayers had obtained professional liability malpractice insurance as required, and Broadwater failed to appropriately pursue coverage for PA Sayers under The Policy.

8. At the time of providing services, PA Sayers was acting under the supervision of Dr. Carol Bridges.

9. Dr. Carol Bridges was working under a Broadwater Health Services Medical Director Employment Agreement, attached and incorporated herein as Exhibit C. At all times material hereto, this Employment Agreement was not provided to Yellowstone, nor was Yellowstone advised of Dr. Bridges' affiliation at Broadwater.

10. As a result of care provided by PA Sayers to patient Kathleen Shindoll, a medical malpractice claim was filed against Dr. Gregory Hans Sayers, WMS, Broadwater Health Center, and Dr. Bridges. This lawsuit was filed in the First Judicial District Court, Broadwater County with a Cause No. DV-2021-62 (hereinafter "Underlying Lawsuit"), a copy of which is attached as Exhibit D. The lawsuit's only claim against Broadwater was a vicarious liability claim.

11. For coverage to exist under The Policy, such as pre-approval of individuals being added to the policy for coverage, The Policy specifically provides:

SECTION II – PERSON INSURED

Each of the following is an Insured under this policy to the extent set forth below:

\*\*\*

3. …"however, Employed Physicians and Mid-level Healthcare Professionals must be pre-approved and added to the Employed Healthcare Professional Schedule in order to be considered an Insured under this policy."

12. In addition to identifying who is an insured under The Policy, there are also exclusions, including:

B. EXCLUSIONS

\*\*\*

6. To the liability of any individual acting as an independent contractor with respect to the insured unless pre-approved and specifically scheduled on the policy.

13. At no time was Dr. Bridges or PA Sayers approved under the terms of The Policy.

14. PA Sayers was acting as an independent contractor.

15. There is no coverage under the terms of The Policy for the medical malpractice claims asserted against Dr. Bridges or PA Sayers.

16. Despite not being covered under The Policy, Yellowstone provided a defense in the Underlying Lawsuit under a Reservation of Rights to WMS.

17.     The Underlying Claim was ultimately settled, and resulted in Yellowstone paying $83,333.00 to resolve the claim on behalf of WMS, and also paid attorney's fees and costs amounting to $46,989.83.

18.     WMS was not entitled to a defense or indemnity under The Policy.

19.     Broadwater failed to follow and honor The Policy terms and conditions, including never seeking approval from Yellowstone to have WMS or the locum tenens personnel insured under The Policy.

20.     Broadwater failed to follow and honor The Policy terms and conditions by failing to appropriately notify Yellowstone of Dr. Bridges' presence at the facility, or to seek coverage for Dr. Bridges.

## COUNT I: REQUEST FOR DECLARATORY JUDGMENT

21.     Yellowstone incorporates herein and realleges Paragraphs 1 through 20 as if fully set forth, and further states and alleges as follows:

22.     The parties to this lawsuit dispute whether coverage exists under The Policy for the claims asserted in the Underlying Lawsuit against the Defendants.

23.     This action seeks a declaration as to Yellowstone's obligations to defend and/or indemnify Broadwater and WMS under The Policy for the claims asserted in the Underlying Lawsuit.

24.     An actual controversy exists between Yellowstone on one hand, and on Broadwater and WMS on the other hand.  Yellowstone maintains it is owed

$130,322.83 for payment made under the policy and the defense costs paid in defending the Underlying Lawsuit.

25. The gravamen of the claims asserted in the Underlying Lawsuit are related to the negligent acts or omissions of PA Sayers and Dr. Bridges. Neither of these individuals is insured under The Policy.

26. In the Underlying Lawsuit, the patient alleged she was injured because PA Sayers "negligently breached the duty of care by failing to properly splint and care for Plaintiff's ankle and to properly monitor and adjuster/alter Plaintiff's splint." Accordingly, the accusation is that the care was below the applicable standard of care for a physician.

27. WMS was accused of failing to use reasonable care when it screened and referred PA Sayers to Broadwater, and was sued because PA Sayers "was the employee of Defendant WMS" in the Underlying Lawsuit.

28. In the Underlying Lawsuit, Dr. Bridges was sued for breaching the duty to properly supervise PA Sayers.

29. The foregoing claims are not covered under The Policy, or are excluded based on the policy provisions set forth above. Other policy terms, conditions and exclusions may apply.

30. Accordingly, The Policy does not provide coverage for a defense or indemnity to the claims against Broadwater and WMS in the Underlying Lawsuit.

31. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities, if any, which exist as to The Policy.

WHEREFORE, Yellowstone prays for a judgment declaring the following:

a. That the claims in the Underlying Lawsuit were not covered and are excluded from coverage under The Policy;

b. That Yellowstone had no duty to defend WMS or Sayers in the Underlying Lawsuit;

c. That Yellowstone had no duty to indemnify WMS against the claims in the Underlying Lawsuit;

d. That Broadwater has no coverage in the Underlying Lawsuit;

e. That Yellowstone is entitled to be reimbursed for any and all amounts paid to resolve the Underlying Lawsuit;

f. That Yellowstone is entitled to reimbursement for any and all attorney's fees and defense costs in the Underlying Lawsuit;

g. That Yellowstone be awarded its costs and fees in this matter; and

h. Any other relief the Court deems appropriate.

//

//

DATED this 26th day of February, 2024.

        McLEAN & ASSOCIATES, PLLC

        By */s/ David M. McLean*
            David M. McLean
            Ryan C. Willmore

            Attorneys for Plaintiff